**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (Grand Rapids)**

| | |
|---|---|
| In re: | Chapter 13 No. 19-04984-jtg |
| Joaquin Estrada and | |
| Leticia Estrada | Hon. John T. Gregg |
|       Debtors. | |
| _____/ | |

## ORDER MODIFYING THE AUTOMATIC STAY, MODIFYING THE CHAPTER 13 PLAN AND RESOLVING CREDITOR CSMC 2018-RPL2 TRUST'S OBJECTION TO CONFIRMATION

Creditor, CSMC 2018-RPL2 Trust, by and through its attorneys, Trott Law, P.C., and the Trustee of Record, Brett N. Rodgers, and the Debtors, Joaquin Estrada and Leticia Estrada, by and through their attorney, Martin L. Rogalski, having filed with the Court a STIPULATION MODIFYING THE AUTOMATIC STAY, MODIFYING THE CHAPTER 13 PLAN AND RESOLVING CREDITOR CSMC 2018-RPL2 TRUST'S OBJECTIONS TO CONFIRMATION, with respect to the property located at 189 W. 17th St., Holland, MI 49423-4114, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

1. Creditor shall be paid its total debt in the amount of $79,717.61 at 4.000% interest. Debtors' account will become un-escrowed upon confirmation of the Chapter 13 Plan. Creditor may file a post-petition fee notice for any advances made for taxes and insurance that were made post-petition;

2. That in the event that the case is converted, the automatic stay is terminated, or the case is dismissed before completion of the plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), pursuant to 11 U.S.C. §348(f)(1)(C) and 11 U.S.C. §349 Creditor retains its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full;

3. That Debtors shall amend the Chapter 13 Plan to utilize a real property tax escrow with the Chapter 13 Trustee to pay real property taxes until completion of the Chapter 13 Plan. The tax escrow shall being with payment of the 2020 real property taxes;

4. Effective April 10, 2020, Debtors are required to maintain homeowners insurance

as required by the mortgage contract with the Creditor. Debtor shall provide proof of insurance with the Creditor named as loss payee by April 30, 2020. In the event Debtor fails to provide proof of insurance on the subject property, Creditor may file a Notice of Default with a 10 day cure period and in the event the Debtor fails to provide proof of insurance as required, Creditor may submit to the Court for entry an order vacating the automatic stay and co-debtor stay, as applicable, no further notice, hearing, or motion being required;

5. Debtor is limited to two opportunities to cure. Should a third default occur, the stay shall terminate upon the filing of a Notice and Order. Creditor's fees and costs associated with any defaults are recoverable and may be included in the amount to cure. Pursuant to the mortgage contract, Creditor may file a supplemental / amended claim to recoup any advances;

6. Any Order vacating the automatic stay entered pursuant to this resolution shall be effective immediately notwithstanding the provisions of FRBP 4001(a)(3), and the order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code. In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s) / homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Creditor seek to shorten the redemption period;

7. Any Order vacating the automatic stay and the co-debtor stay entered pursuant to this resolution shall allow Movant, at its option, to offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale or other loss mitigation solution. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

**END OF ORDER**

Signed: March 31, 2020



John T. Gregg
United States Bankruptcy Judge